| | |
|---|---|
| 1 | Andrew K. Alper, (State Bar No. 088876) |
| | aalper@frandzel.com |
| 2 | FRANDZEL ROBINS BLOOM & CSATO, L.C. |
| | 1000 Wilshire Boulevard, Nineteenth Floor |
| 3 | Los Angeles, California 90017-2427 |
| | Telephone: (323) 852-1000 |
| 4 | Facsimile: (323) 651-2577 |

**FILED**

JUN 20 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Attorneys for Creditor ASCENTIUM CAPITAL, LLC

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC, a Delaware limited liability company, | Case No. 2:18-CV-00545-JAM-EFB |
| Plaintiff, | **STIPULATION BY AND BETWEEN PLAINTIFF ASCENTIUM CAPITAL, LLC AND DEFENDANT WOODLAND PARK FAMILY MEDICINE, LLC TO CONTINUE DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| WOODLAND PARK FAMILY MEDICINE, LLC, a Colorado limited liability company, | |
| Defendant. | **Current Hearing:** July 10, 2018<br>**Time:** 1:30 p.m.<br>**Crtm:** 6 |
| | **Date of Continued Hearing:**<br>**Time:**<br>**Crtm:** 6 |
| | THE HONORABLE JOHN A. MENDEZ, JUDGE PRESIDING |
| | TRIAL DATE: NONE SET |

**TO THE HONORABLE JOHN A. MENDEZ, UNITED STATED DISTRICT COURT JUDGE:**

Plaintiff, Ascentium Capital, LLC, a Delaware liability company ("Plaintiff"), by and through its attorneys of record, Andrew K. Alper, Frandzel Robins Bloom & Csato, LC, on the one hand, Defendant Woodland Park Family Medicine, LLC, a Colorado limited liability company

2949557.1 | 100287-0092                                        1

("Defendant"), by and through its attorneys of record, Jacob Hollars, of Spencer Fane LLP, have stipulated and agreed to continue Defendant's Motion to Dismiss under FRCP 12(b)(2) For Lack of Personal Jurisdiction ("Motion") based on the following facts:

1. After Plaintiff received the Defendant's Motion, Plaintiff, by and through its counsel, Andrew K. Alper, contacted Defendant's counsel, Jacob Hollars, for the purpose of conducting discovery with respect to the Motion.

2. Mr. Hollars was admitted pro hac vice with respect to this case by Order entered on May 21, 2018. Thereafter, Mr. Alper and Mr. Hollars discussed issues regarding discovery in connection with the Motion to discuss and also commenced a meeting of counsel pursuant to Federal Rules of Civil Procedure Rule 26. Plaintiff contends that it needs to take five (5) depositions and receive documents in order to properly prepare an Opposition to the Motion. Defendant contends that it also wants to take a deposition of Plaintiff's person most knowledgeable.

3. In summary, Plaintiff's contends it made a loan evidenced by an Equipment Finance Agreement to Defendant in the sum of $272,485.80 for the Defendant to acquire a Cynosure Laser and related equipment ("Laser"). Plaintiff contends it was granted a security interest in the Laser. Plaintiff contends that the loan was made on April 5, 2017, the Defendant made payments on the loan until January, 2018, and then ceased making payments. Plaintiff contends that the total receivable due is $258,297.21. Plaintiff further contends that it was entitled to possession of the Laser from the Defendant as a result of a default. Plaintiff further contends that pursuant to the terms of an Equipment Finance Agreement evidencing the loan, Defendant consented to jurisdiction in California. Plaintiff also contends it entered into other loans with the Defendants that had been paid which had similar agreements consenting to jurisdiction in California.

4. Defendant contends that it did not enter into the Equipment Finance Agreement because the signature on the Equipment Finance Agreement was forged. The Defendant contends that Matt Brown signed the name of Jeremy Brown (Matt Brown is unrelated to Jeremy Brown) on the Equipment Finance Agreement and he was not authorized to sign the Equipment Finance

1. Agreement. Because the Equipment Finance Agreement was never signed by authorized persons on behalf of Defendant, it is contended that Defendant has no liability and the forum selection clause placing this case in California for jurisdiction is improper and therefore its Motion must be granted.

5. Plaintiff and Defendant ("the parties") believe that discovery is necessary before the Motion is heard. Plaintiff contends that it needs to ascertain whether or not Matt Brown had actual or ostensible authority to execute the Equipment Finance Agreement. Plaintiff also contends that the Defendant is estopped by its conduct to contend that the Equipment Finance Agreement is not valid and enforceable in that (a) it retained possession of the Laser for months and only turned it over after demand was made to make the payments due on the loan; (b) it made payments under the terms of the Equipment Finance Agreement for nine (9) months (c) that three doctors actually trained to use the Laser with the equipment supplier and therefore it was clearly the intent of the Defendant to enter into the Equipment Finance Agreement and (d) the Defendant executed other loan agreements which had a similar forum selection clause.

6. Defendant contends that it wants to take the deposition of Jerry Noon, a Vice President of Plaintiff, with respect to information Mr. Noon received regarding this contract and other contracts that Defendant entered into with Plaintiff. Plaintiff supplied Defendant with an email involving Mr. Noon discussing the issues regarding this case with the Defendant as part of the Rule 26 meeting and therefore the Defendant believes that it needs to take Mr. Noon's deposition.

7. Jerry Noon is located in Kingwood, Texas. The five witnesses that Plaintiff needs for deposition are located in Colorado. Plaintiff has agreed to have depositions taken in Colorado for the convenience of all parties and to avoid any issues regarding where depositions should be taken. The parties are currently attempting to obtain various dates when all the parties will be available for depositions. However, because the Motion is set for hearing on July 10, 2018, the depositions will not be completed in time for Plaintiff to file a meaningful opposition to the Motion and for the Defendant to reply thereto. Therefore, the parties have agreed to continue the hearing on this Motion until September 18, 2018 at 1:30 p.m., which will allow the parties take

depositions relative to whether or not the Equipment Finance Agreement was entered into by the parties, whether or not this Court has jurisdiction over this case, and for the Court to determine the Motion. Furthermore, the parties believe that in taking these depositions, they will go a long way towards conducting necessary discovery and deciding the ultimate liability issues at an early stage. As a result of the foregoing facts,

8. IT IS HEREBY STIPULATED AND AGREED that the parties are requesting that the hearing on the Motion be continued to September 18, 2018, at 1:30 p.m. or such other date thereafter as the Court believes is appropriate to allow the depositions to be taken and for the parties to file meaningful pleadings.

DATED: June 19, 2018    FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff
ASCENTIUM CAPITAL, LLC

DATED: June 19, 2018    SPENCER FANE

By: *s/ Jacob F. Hollars*
JACOB F. HOLLARS, admitted *pro hac vice*
Attorneys for Defendant
WOODLAND PARK FAMILY MEDICINE, LLC

## ORDER

The Court having read the foregoing Stipulation by and between Plaintiff Ascentium Capital, LLC and Defendant Woodland Park Family Medicine, LLC to Continue Defendant's Motion to Dismiss under F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction, and good cause appearing therefore,

IT IS HEREBY ORDERED:

The July 10, 2018 hearing on Defendant's Motion to Dismiss Under F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction is hereby continued to September 18, 2018 at 1:30 p.m.

Dated: 6/20/18

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ